UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

STACEY LEO,

                Plaintiff,   **REPORT AND RECOMMENDATION**

                                      23-cv-05418 (NJC) (JMW)

    -against-

PROVINCE THERAPEUTICS, LLC *et al.*,

                Defendants.
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

Penn Anderson Dodson, Esq.
**Anderson Dodson, P.C.**
11 Broadway, Suite 615
New York, NY 10004
*Attorney for Plaintiff*

*No appearance for Defendants*

**WICKS,** Magistrate Judge:

      Plaintiff Stacey Leo commenced this action against Defendants Province Therapeutics, LLC and Herve Province alleging various violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), Art. 19, as well as misreporting amounts paid to her on her tax forms which constitutes a fraudulent reporting claim under 26 U.S.C. § 7434.  (ECF No. 1.)  Both Defendants have failed to appear or otherwise defend the case and the Court has ordered default to be entered against them once damages are

1

calculated. (ECF No. 21 at 20.) The Hon. Nusrat Jahan Choudhury referred to the undersigned the calculation of damages on all claims for which the Court has found Defendants liable. (*Id.*) In addition, Plaintiff's counsel has submitted a separate motion for attorney's fees (ECF No. 23), which is also to be considered with the request for damages. For the reasons stated below, the undersigned recommends (1) awarding Plaintiff damages for unpaid wages, liquidated damages, late wages, and post-judgment interest, (2) granting Plaintiff's request for costs, but (3) denying Plaintiff's counsel's motion for attorney's fees, with leave to renew.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was employed by Defendants as a board-certified Behavior Analyst from September 2017 through 2022. (ECF No. 1 ¶ 1; ECF No. 18-1 at 2.) However, Defendants stopped paying her towards the end of her employment. (ECF No. 1 ¶ 1.) Specifically, she states that Defendants:

- failed to pay her with her wages for hours she worked (*id.* ¶¶ 24, 35-36);

- failed to provide her with her paychecks on the scheduled paydays which violates prompt payment requirements and entitles her to liquidated damages (*id.* ¶¶ 26-27, 37-40);

- failed to maintain accurate records of her employment conditions pursuant to the FLSA (*id.* ¶¶ 28, 42-43);

- failed to provide her with her wage notice under the NYLL (*id.* ¶ 41); and

- filed a fraudulent tax return concerning their payments to Plaintiff—namely Defendants overstated the amount they actually paid her on her W2 (*id.* ¶¶ 46-49).

The parties attempted to resolve these issues in September 2022 before Plaintiff filed suit in July 2023, but negotiations failed. (*Id.* ¶ 1.) As a result of Defendants' violations, Plaintiff requests a series of damages, attorney's fees, and costs. (ECF No. 18-1 at 16); (ECF No. 23 at 12).

After Defendants failed to appear in this case, Plaintiff requested a certificate of default for each Defendant (ECF Nos. 11 and 12) and the Clerk entered default against them (ECF Nos. 13 and 14). Plaintiff subsequently filed her motion for default judgment against both Defendants (ECF No. 18.)

On February 6, 2024, Judge Choudhury issued her decision on Plaintiff's motion and found that Leo established that Defendants violated the § 206 of the FLSA[1] and § 652 of the NYLL's[2] minimum wage provisions and were thus required to pay Leo her required wages (ECF No. 21 at 14-15) and that Defendants were liable for failure to pay Plaintiff's prompt wages under both the FLSA and NYLL which resulted in an unreasonable delay to Plaintiff (*id*. at 15, 18). Judge Choudhury however, denied Plaintiff's motion as to the FLSA and NYLL recordkeeping claims, the NYLL wage notice claim, and the fraudulent reporting claim under 26 U.S.C. § 7434. (*Id*. at 20.) She also denied Plaintiff's additional motion to disburse funds placed into a trust account because Plaintiff failed to cite case law supporting a disbursement of funds "paid by a defaulting party [here, Defendants] into a law firm's trust account in the course of settlement negotiations that took place before the commencement of the action." (*Id*.) Judge Choudhury referred to the undersigned the calculation of damages for the claims on which Defendants are liable.

Accordingly, before the Court is Plaintiff's request for damages in which she requests: (1) unpaid wages of $16,470 under the FLSA and NYLL; (2) liquidated damages equal to the amount of unpaid wages; (3) late wages of $25,862 under the FLSA and NYLL; and (4) post-

---

[1] "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages [of]…$7.25 an hour…." 29 U.S.C. § 206.

[2] *See* NYLL § 652 (discussing the amount of wages both large and small employers must pay their employees).

judgment interest on monies due and to be determined by the Clerk of the Court until Defendants pay their monies (ECF No. 18-1 at 16).[3] Plaintiff's counsel also filed a motion for attorney's fees and costs (ECF No. 23) in which she requests fees of $17,178.50 and costs of $655.33 for a total of $18,489.16.

## DISCUSSION

### I.    Damages for Default

Once liability for default is established—as is the case here—the next inquiry on a motion for default judgment is damages. A party's default constitutes a concession of all well pleaded allegations, however, such default "is not considered an admission of damages." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 271 (E.D.N.Y. 2019) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)).

While "the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *See Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quotations omitted), *report and recommendation adopted*, 2012 WL 1354481, at *2 (Apr. 13, 2012); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) ("The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty.") Under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing" to determine the amount of damages, "as long

---

[3] In light of Judge Choudhury's denial of the recordkeeping, wage notice, and fraudulent reporting claims, the undersigned does not consider any request for damages in connection with those claims.

4

as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Gilbert*, No. 20-CV-1441, 2022 WL 344270, at *3 (N.D.N.Y. Feb. 4, 2022) ("A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages.").

As mentioned above, Plaintiff requests the following damages:

- Unpaid wages in the amount $16,470,
- Liquidated damages in an amount equal to the statutory damages of $16,470,
- Late wages in the amount of $25,862, and
- Post-judgment interest.

These requested damages – not including calculation of post-judgment interest -- total $58,802. (ECF No. 18-3.)

    a. **Unpaid Wages**

Plaintiff seeks unpaid wages of $16,470 under both the FLSA and NYLL for which she is entitled from November 2021 to March 2022.

Both the FLSA and the NYLL require employers to pay an employee at least the standard minimum wage. The FLSA states that "[a]ny employer who violates … section 206…shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). Likewise, the NYLL has similar provisions, stating that any employee paid less than her entitled wage may bring a legal action against the employer and shall recover the amount of such underpayments. *See* NYLL §§ 198, 663.

5

Although Plaintiff here has demonstrated liability and set forth evidence of unpaid wages under both the FLSA and NYLL, "when the statutory periods of the FLSA and NYLL overlap, [P]laintiff cannot recover for those unpaid wages under *both* statutes, because doing so would provide a double recovery." *Lopez v. SQ Brooklyn, Inc.*, No. 17-CV-4191 (RJD) (LB), 2018 U.S. Dist. LEXIS 190003, at *8 (E.D.N.Y. Nov. 5, 2018) (emphasis added); *see also Ramirez v. Café Royale Rest. Inc.,* No. 22-cv-09684 (JHR) (SDA), 2024 U.S. Dist. LEXIS 71341, at *7 (S.D.N.Y. Apr. 18, 2024) ("A plaintiff may not recover under both the FLSA and the NYLL for the same injury, but [s]he is entitled to recover damages under the statute that provides h[er] the greatest relief.").[4]

Here, Plaintiff's counsel has submitted a declaration stating that she was to be paid $90 per hour from November 2021 to March 2022. (ECF No. 18-2.) However, she either received tardy or no payments at all from Defendants during this time. (*Id.*) In support of her request for damages, Plaintiff submits detailed timesheets delineating the number of hours worked and the rate she was entitled to be paid by Defendants. (*See* ECF No. 18-8.) From November 2021 to March 2022, she worked the following hours and was owed the following amounts:

| Month and Year | Hours Worked | Rate | Amount Owed |
|---|---|---|---|
| November 2021 | 75.5 | $90.00 | $6,795 |
| December 2021 | 57.3 | $90.00 | $5,157 |
| January 2022 | 84 | $90.00 | $7,560 |
| February 2022 | 91.5 | $90.00 | $8,235 |
| March 2022 | 71.5 | $90.00 | $6,435 |

---

[4] The minimum wage under the FLSA for the appropriate time period is $7.25 per hour and for the NYLL, $15.00 per hour. *See* 29 U.S.C. § 206(a)(1)(C); NYLL § 652(a). Plaintiff's counsel notes that the standard minimum wage is lower than what Plaintiff is owed so the standard wage rate is "subsumed" by her calculated damages.

| TOTAL | 379.80 | $90.00 | $34,182 |
|---|---|---|---|

The amount owed is also *undisputed* by Defendants, especially given that Defendant Herve Province signed a letter "to confirm that as of May 5th 2022, Stacey Leo…is owed back pay from Province Therapeutics in the amount of $34,182.00." (ECF No. 18-7.) Shortly after the letter was signed, Defendants paid her $11,952 and then later paid her with a check for $5,760, yielding a balance of $16,470. (ECF No. 18-2 at 3.) Because Plaintiff provides ample support for her unpaid wages through detailed timesheets and declarations, the undersigned recommends awarding her damages in the amount of $16,470. *See Echevarria v. ABC Corp.,* No. 21-CV-4959 (JS) (ARL), 2024 U.S. Dist. LEXIS 69283, at *7-8 (E.D.N.Y. Apr. 16, 2024) (awarding plaintiff damages for unpaid overtime and wages upon review of plaintiff's affidavit and calculation of damages); *Vera v. Food Pyramid Corp.,* No. 22-cv-4860 (BMC), 2023 U.S. Dist. LEXIS 12818, at *3 (E.D.N.Y. Jan. 25, 2023) (finding plaintiff's sworn statement detailing his hours worked to be "sufficient to establish damages to a reasonable certainty" and awarding plaintiff monetary damages for unpaid minimum wages and overtime).

### b. Liquidated Damages for Unpaid Wages

Plaintiff next requests liquidated damages in an amount equal to her unpaid wages—here, $16,470. The FLSA provides liquidated damages when a defendant fails to demonstrate good faith. "Under the FLSA, an employer may be liable for liquidated damages 'in an additional equal amount' to the amount owed for 'unpaid minimum wages, or ... unpaid overtime compensation.'" *Begum v. Ariba Discount, Inc.,* No. 12-cv-6620 (DLC), 2015 WL 223780, at *2 (S.D.N.Y. Jan. 16, 2015) (quoting 29 U.S.C. § 216(b)). "But 'if the employer shows ... that the act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable

7

grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award [a lesser] amount thereof.'" *Id.* at *2 (quoting 29 U.S.C. § 260).

Similarly, under the NYLL, "[e]mployees may recover liquidated damages of 100% of wages owed unless 'the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law.'" *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 47 (E.D.N.Y. 2015) (internal citation omitted); *see also* N.Y. Lab. L. § 198(1–a). Because the FLSA and NYLL liquidated damages deter the same conduct, the Second Circuit has interpreted the FLSA and NYLL "as not allowing duplicative liquidated damages for the same course of conduct." *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018); *see also Ramirez*, 2024 U.S. Dist. LEXIS 71341 at *10 (stating that plaintiffs may recover liquidated damages under either the NYLL and FLSA "but not both"); *Sanchez v. Hyper Structure Corp.,* No. 19-CV-04524 (KAM) (PK), 2023 U.S. Dist. LEXIS 32450, at *24 (E.D.N.Y. Feb. 24, 2023) (stating that both the FLSA and NYLL allow an employee to recover liquidated damages equal to the amount of unpaid wages). "In light of the principle that 'the law providing the greatest recovery will govern,' [p]laintiff may be awarded liquidated damages pursuant to the NYLL or the FLSA." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-CV-6722 (PK), 2020 WL 1694356, at *14 (E.D.N.Y. Apr. 7, 2020) (quoting *Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-5637 (CBA) (RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015)).

Here, Plaintiff is entitled to recover liquidated damages because Defendants did not comply with the FLSA and NYLL and failed to establish good faith. Plaintiff has alleged that Defendants failed to provide Plaintiff with her appropriate wages. There is nothing in the record to indicate, let alone establish, Defendants' good faith. (ECF No. 18-1 at 9-10); *see Lu Nan Fan*

8

*v. Jenny & Richard's Inc.*, No. 17-CV-6963 (WFK), 2019 WL 1549033, at *11 (E.D.N.Y. Feb. 22, 2019) ("As a result of defendants' default in this action, the record is devoid of evidence of their good faith or reasonable belief."), *report and recommendation adopted*, No. 17-CV-6963 (WFK), 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019); *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR) (RLM), 2014 WL 988835, at *10 (E.D.N.Y. Mar. 12, 2014) ("Obviously, as a result of defendants' default in this action, the record is devoid of evidence of defendants' good faith or reasonable belief."). Therefore, Plaintiff would be entitled to an amount of liquidated damages equal to the overtime wage damages amount totaling $16,470.

### c. Liquidated Damages for Late Wages

Plaintiff next seeks liquidated damages as a result of Defendant's payment of late wages in the amount of $25,862.

The FLSA requires employers to pay affected employees their unpaid wages as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(a). "Under the statute, late wages are considered to be a form of unpaid wages." *Belizaire v. Rav Investigative & Sec. Servs.,* 61 F. Supp. 3d 336, 360 (S.D.N.Y. 2014). "[B]ut, where wages have merely been paid late, as opposed to not having be[en] paid at all, courts have construed Section 216(a) to mean that *only liquidated damages* (rather than double damages) should be awarded." *Id.* (emphasis added). "Employees whose wages are not timely paid are entitled to statutory damages, despite the fact that they employees received their full wages prior to instituting their lawsuit." *Coley v. Vannguard Urban Improvement Ass'n,* 2018 U.S. Dist. LEXIS 54609, at *42 (E.D.N.Y. Mar. 29, 2018). "Under the FLSA, Plaintiffs are entitled to liquidated damages equal to 100% of the minimum wages for the untimely payments." *Id.* (citing 29 U.S.C. § 216(b)); *Brito v. Marina's Bakery Corp.,* No. 19-CV-00828 (KAM) (MMH), 2022 U.S. Dist. LEXIS 53351, at *57

9

(E.D.N.Y. Mar. 24, 2022) ("Under both the FLSA and the NYLL, employees are entitled to damages equal to the wages that were paid late."). As relevant here, courts in this Circuit have found two weeks to be "an unreasonable amount of time" to delay a paycheck. *Coley,* 2018 U.S. Dist. LEXIS 54609 at *43.

Similarly, the NYLL requires workers to "be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." NYLL 191(1)(d); *see also Ramirez v. Tifaret Disc., Inc.*, No. 22-CV-10489 (KMK), 2023 U.S. Dist. LEXIS 174184, at *23 (S.D.N.Y. Sept. 28, 2023) (joining in other Second Circuit cases which have found that plaintiffs have a private right of action for late wage payments under the NYLL); *Lipstein v. 20X Hosp. LLC,* No. 22-cv-04812 (JLR) (JW), 2023 U.S. Dist. LEXIS 167615, at *35 (S.D.N.Y. Sept. 19, 2023) (rejecting defendants' argument that the NYLL "does not authorize recovery for [p]laintiff's late payment claims).

Here, Plaintiff has calculated the requested damages as follows:

- $8,150 that was received on December 30, 2021 for work performed during November 2021;

- $11,952 that was received in July 2022 for work performed from November to December in 2021; and

- $5,760 received on July 11, 2022 for work performed from January to March 2022.

(ECF No. 18-2 at 4.)

The total amount of late payments constitutes $25,862. Courts in this Circuit have awarded liquidated damages for late wages under similar circumstances. *See Gumaneh v. Vilano Empl. Servs.,* No. 22-CV-774 (LTS) (KHP), 2023 U.S. Dist. LEXIS 156383, at *19 (S.D.N.Y. Sept. 5, 2023) (awarding plaintiff-manual worker over $191,000 and $144,000 in liquidated

damages under the NYLL for untimely payment of wages upon plaintiffs' demonstrating "that all of their wages were paid at least two weeks late" as evidenced by their paystubs); *Belizaire,* 61 F. Supp. 3d at 361 (awarding liquidated damages using the applicable minimum wage where plaintiff's wages were delayed for more than two weeks); *Coley,* 2018 U.S. Dist. LEXIS 54609 at *44 (awarding liquidated damages equal to minimum wages due to plaintiffs during the period of delayed payments); *Brito,* 2022 U.S. Dist. LEXIS 53351 at *58 (finding that "there [wa]s no question that Plaintiffs [we]re entitled to damages equal to the actual amount of wages that were paid late" and awarding late pay damages as calculated by plaintiffs); *Bello v. Pro-Line Pumping Corp.,* No. 22-CV-4081 (RPK) (RML), 2023 U.S. Dist. LEXIS 106676, at *22-23 (E.D.N.Y. June 20, 2023) (awarding damages for late payments under the NYLL where defendants failed to pay plaintiffs for weeks at a time).  Thus, it is recommended that the Court award Plaintiff $25,862 for the untimely wage payments.

### d. Post-Judgment Interest

Finally, Plaintiff seeks post-judgment interest for her claims.  The statutory authorization is found at 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).  "The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." *Duffy v. Oyster Bay Indus., Inc.*, No. 10-CV-3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011), *report and recommendation adopted*, 2011 WL 2259749 (E.D.N.Y. June 2, 2011); *see also Thompson v. Hyun Suk Park*, No. 18-CV-00006 (AMD) (ST), 2020 WL 5822455, at *11 (E.D.N.Y. Sept. 1, 2020), *report and recommendation adopted*, 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020) (awarding post-judgment interest in FLSA and NYLL case).  Here, having found that Plaintiff established

11

liability and damages under her FLSA and NYLL claims and would be entitled to unpaid wages, liquidated damages and late wage payment damages, Plaintiff is thus entitled to post-judgment interest from the date the Clerk of Court enters judgment until the date of payment.

In addition, should Defendants fail to pay any unpaid amount of the judgment after ninety (90) days, they will be subject to a fifteen (15) percent increase penalty of damages, as set forth in NYLL § 198(4). *See* NYLL § 198(4) ("[A]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."). "This award is [] mandatory, regardless of whether Plaintiff requests it or not" and only applies to state law damages. *See Sanchez,* 2023 U.S. Dist. LEXIS 32450 at *26-27; *Gonzalez v. Emp. Sols. Staffing Grp., LLC,* No. 19-CV-00127 (ENV) (PK), 2023 U.S. Dist. LEXIS 194692, at *32 (E.D.N.Y. Oct. 30, 2023); *see also Diaz v. Rene French Cleaners, Inc.,* No. 20-CV-3848 (RRM) (RER), 2022 U.S. Dist. LEXIS 156587, at *43 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted,* 2022 U.S. Dist. LEXIS 180161 (Sept. 30, 2022) (discussing interest on damages and recommending an award of post-judgment interest and a fifteen percent increase if not paid timely); *Hong v. Mommy's Jamaican Mkt. Corp.,* No. 20-cv-9612 (LJL), 2024 U.S. Dist. LEXIS 50934, at *21 (S.D.N.Y. Mar. 21, 2024) (awarding the fifteen percent increase for liquidated damages, pre- and post-judgment interest, attorney's fees, and costs if the judgment amount is not paid timely). Thus, Plaintiff may obtain post judgment interest and, in the event that Defendants fail to pay any damages ultimately awarded under NYLL after 90 days once judgment has been issued, those damages will be increased by fifteen percent.

## II.   Costs and Attorney's Fees

### a. Costs

Plaintiff requests $655.33 in costs associated with this litigation. A party can typically recover "[c]osts relating to filing fees, process servers, postage, and photocopying[.]" *Feltzin v. Union Mall LLC*, 393 F.Supp.3d 204, 219-20 (E.D.N.Y. 2019) (internal quotation marks omitted). A request for costs must be supported by adequate documentation. *Id.* (collecting cases requiring appropriate documentation or receipts for costs). "[T]he party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *Id.* (internal quotation marks omitted). However, certain costs, such as filings fees, "are recoverable without supporting documentation if verified by the docket." *Id.* "[T]he decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" *Swiatkowski v. Citibank as Citigroup*, 745 F. Supp. 2d 150, 174 (E.D.N.Y. 2010) (quoting *Cosgrove v. Sears, Roebuck, Co.*, 191 F.3d 98, 102 (2d Cir. 1999).

Here, the Court has reviewed the documentation submitted by Plaintiff's counsel with respect to costs sought. These records reflect a total of $655.33 in costs incurred by Plaintiff's counsel, all of which are ordinarily recoverable and include costs for postage and shipping, filing fees, and service of process. (ECF No. 23-1 at 1); (ECF No. 1) (submission of $402 filing fee); *see Taveras v. Northeast Landscape & Masonry Ass'n,* No. 16-cv-00834 (CS) (JCM), 2018 U.S. Dist. LEXIS 217975, at *32 (S.D.N.Y. Dec. 28, 2018) (recommending an award of over $2,000 for filing, process server, and delivery fees). For these reasons, it is respectfully recommended that Plaintiff's request for $655.33 in costs be granted.

b. **Attorney's Fees**

Finally, Plaintiff's counsel requests attorney's fees of $17,833.83. "A prevailing plaintiff, under both federal and state statutes, is entitled to reasonable attorney's fees and costs." *Montalvo v. Paul Bar & Rest. Corp.,* No. 22-CV-01423 (JLR) (SN), 2023 U.S. Dist. LEXIS 141864, at *24 (S.D.N.Y. Aug. 11, 2023) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4)). This Court "enjoys broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a 'presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011). "Where adequate records are not submitted, the court may deny fees altogether or reduce the award." *See Entral Group Int'l, LLC v. New York One Café, Inc.,* No. 05-CV-1655 (CPS) (VVP), 2007 U.S. Dist. LEXIS 99020, at *26-27 (E.D.N.Y. Mar. 5, 2007). "[A] party moving for attorneys' fees must [also] provide the credentials law school matriculation, practice area, and years of experience in the relevant practice area to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018).

14

Here, although Plaintiff's counsel submits the requisite credentials, and no doubt performed and rendered valuable legal services to its client, wholly absent from the motion for fees are contemporaneous billing records. (*See generally* ECF No. 23.) Indeed, the courts within this Circuit have denied requests for attorney's fees when counsel fails to submit contemporaneous billing records. *See Scott v. City of New York,* 626 F.3d 130, 132 (2d Cir. 2010) ("[A]ll applications for attorney's fees [are to] be supported by contemporaneous records") (internal citations omitted); *Blueblink Mktg. LLC v. Carney,* No. 16-CV-7151 (JLC), 2017 U.S. Dist. LEXIS 149890, at *23-24 (S.D.N.Y. Sept. 15, 2017) (denying defendants' request for attorney's fees "because they have not submitted contemporaneous billing records, which are a prerequisite for attorney's fees in this Circuit") (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir. 1983)); *Camacho v. Ess-a-Bagel, Inc.,* No. 14-cv-2592 (LAK), 2014 U.S. Dist. LEXIS 171649, at *13-14 (S.D.N.Y. Dec. 11, 2014) (denying fee request for failure to submit contemporaneous billing records); *cf. La Berbera v. Ovan Constr., Inc.,* No. 06-CV-2867 (SLT) (VVP), 2011 U.S. Dist. LEXIS 133730, at *13-14 (E.D.N.Y. Sept. 20, 2011) (granting award for attorneys fees where plaintiff submitted detailed attorney time sheets which included "the date on which the work was performed, the amount of time expended, and briefly describe[d] the nature of the work"); *Rivera v. Essex Plaza Mgmt. Assocs.,* No. 09-CV-497 (DLI) (VVP), 2011 U.S. Dist. LEXIS 172493, at *22 (E.D.N.Y. Sept. 1, 2011) (awarding attorney's fees in FLSA and NYLL case where counsel submitted "a detailed statement listing the tasks undertaken, as well as the dates and time expended" which was detailed enough for the court to assess the reasonableness of the fees).

Because Plaintiff's counsel has failed to include in the submission contemporaneous billing records, the Court is hamstrung in making a determination of an appropriate fee award.

15

Accordingly, it is respectfully recommended that the application for attorneys' fees be denied, but with leave to renew to include the requisite support.

## CONCLUSION

Accordingly, the undersigned recommends that Plaintiff and her counsel be awarded the following damages, costs, and fees:

1. Unpaid wages: $16,470

2. Liquidated Damages: $16,470

3. Late Wages: $25,862

4. Costs: $655.33

5. Post-judgment interest from the date the Clerk enters judgment until the date Defendants pay such judgment and should Defendants fail to pay any unpaid amount of the judgment after ninety (90) days, a fifteen (15) percent increase penalty of damages

6. Attorney's Fees: denied with leave to renew.

Excluding any interest or subsequent penalties, the amount owed totals **$59,457.33**.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Counsel for Plaintiff is directed to serve copies of this Report and Recommendation upon the defaulting Defendants on or before May 24, 2024, and file proof of service of same on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the

Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       May 21, 2024

                                            **RESPECTFULLY RECOMMENDED**,

                                            /S/ *James M. Wicks*
                                              JAMES M. WICKS
                                         United States Magistrate Judge