UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STACEY LEO,

                Plaintiff,                      **REPORT AND**
                                                  **RECOMMENDATION**

                                                  23-cv-05418 (NJC) (JMW)

       -against-


PROVINCE THERAPEUTICS, LLC *et al.*,


                Defendants.
------------------------------------------------------------------X

**A P P E A R A N C E S:**

Penn Anderson Dodson, Esq.
**Anderson Dodson, P.C.**
11 Broadway, Suite 615
New York, NY 10004
*Attorney for Plaintiff*

*No appearance for Defendants*


**WICKS,** Magistrate Judge:

      In a recently issued Report and Recommendation, the undersigned recommended an award of damages and costs, but denial of counsel's fees for failure to include contemporaneous billing records for the Court to determine an appropriate fee award. (ECF No. 25 at 15-16.) Swift as a deer, Plaintiff's counsel submitted the time records, which are now before the Court for consideration. For the reasons stated below, it is respectfully recommended to the Hon.

1

Nusrat Jahan Choudhury that Plaintiff's counsel's motion for attorney's fees (ECF No. 26) be **GRANTED**, subject to the deductions set forth herein.

## DISCUSSION

Plaintiff's counsel seeks a total of $17,178.50 in fees for 73 hours of work performed in this matter. (ECF No. 26.) Courts have "broad discretion in determining the amount of a fee award." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 307 (2d Cir. 2011). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a 'presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" *Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc.*, No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011). "[A] party moving for attorneys' fees must [also] provide the credentials law school matriculation, practice area, and years of experience in the relevant practice area to substantiate the requested hourly rate for each individual." *Desly Int'l Corp. v. Spartak*, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *8 n.11 (E.D.N.Y. Aug. 1, 2018). Upon review of all of these documents, "[t]he court must assess whether the hours expended by plaintiff's counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation." *See Nuriddinov v. Masada III, Inc.*, No. 15-CV-5875, 2017 WL 9253401, at *12 (E.D.N.Y. July

2

24, 2017), *report and recommendation adopted*, 2018 WL 1251335, at *1 (Mar. 12, 2018).  With this framework in mind, the undersigned reviews Plaintiff's counsel's submissions.

    i.    **Hourly Rates**

Plaintiff's counsel seeks fees for work billed by partner Penn Dodson at a rate of $450 per hour, by paralegals (Jess Velez, Jessica Balint, and Callyn Carter) at varying rates of $175, $195, and $95 per hour, and by support staff (Billy Hernandez) at a rate of $95 and $125 per hour.  (ECF No. 23-4 at 3; ECF No. 26-1.)

A reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte,* No. 13-cv-6111 (CBA) (LB), 2014 U.S. Dist. LEXIS 196448, at *10-11 (E.D.N.Y. Aug. 11, 2014) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007)).  In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gesualdi v. Bestech Transp., LLC*, No. 14-CV-1110 (JS) (ARL), 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates.").

Here in the Eastern District of New York, hourly rates appear to "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience." *Perrone v. Amato*, No. 09-CV-316 (SIL), 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022); *see also Pilitz v. Inc. Freeport*, No. 07- CV 4078 ETB, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (collecting cases); *Hall v. Prosource Techs., LLC*, No. 14-CV-2502

(SIL), 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016 (noting that "[c]ourts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners") (citation omitted)).

In a recent Fair Labor Standards Act ("FLSA") case in which defendants defaulted, Magistrate Judge Sarah Netburn recommended an hourly rate of $450 per hour for Penn Dodson, taking Dodson's 20 years of experience into consideration. *See Montalvo v. Paul Bar & Rest. Corp.,* No. 22-CV-01423 (JLR) (SN), 2023 U.S. Dist. LEXIS 141864, at *26 (S.D.N.Y. Aug. 11, 2023), *report and recommendation adopted,* 2023 U.S. Dist. LEXIS 161446 (S.D.N.Y. Sept. 13, 2023). In addition, Judge Netburn recommended that the senior paralegal, Velez, receive an hourly rate of $125; junior paralegal, Carter, receive a rate of $100 per hour; and a client relations specialist receive an hourly rate of $50. *See id.* at *26-27 (citing cases for the proposition that courts in this District award paralegals an hourly rate of $100 to $150 per hour and the typical rate for support staff is $50 per hour); *see also Diaz v. Rene French Cleaners*, No 20-CV-3848 (RRM) (RER), 2022 U.S. Dist. LEXIS 156 587, at *37 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 180161 (E.D.N.Y. Sept. 30, 2022) ("Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners…and $70 to $100 for legal support staff in FLSA cases."); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Quantum Constr.,* No. 06-cv-13150, 2008 WL 5159777 at *13 (S.D.N.Y. Dec. 9, 2008) (awarding in $150 per hour for paralegals for ERISA default judgment case, which was "commensurate with those generally charged for similar work in this district"); *see Perez v. Rossy's Bakery & Coffee Shop, Inc.,* No. 19-cv-8683 (SLC), 2021 U.S. Dist. LEXIS 61289, at *29-30 (S.D.N.Y. Mar. 30, 2021) (stating that "[h]ourly rates for paralegals of $100 to

4

$150 per hour are typical for awards in this District" and awarding an hourly rate of $125 for paralegals).

Here, Plaintiff's counsel has submitted declarations attesting to the relevant experience, and credentials for each attorney and paralegal. (*See* ECF No. ECF No. 23-3.); *Desly Int'l Corp. v. Spartak*, 2018 WL 4522081 at *8 n.11 (stating that attorney credentials must be provided "to substantiate the requested hourly rate for each individual.") Partner Penn Dodson concentrates primarily on cases involving unpaid or underpaid wages from employees. (ECF No. 23 at 8.) She has received numerous accolades for her work and is admitted in a number of courts. (*Id.;* ECF No. 23-3 at 1.) Notably, she is the founding partner of AndersonDodson, P.C. and has been practicing for almost 20 years to date. (ECF No. 23-3 at 2-3.) The hourly rates charged by Plaintiff's counsel are eminently reasonable in light of her credentials.

AndersonDodson's paralegals Jess Velez, Jessica Balint, and Callyn Carter, and law clerk Billy Hernandez also contributed significantly to this case. Velez received her paralegal certificate in 2016 and her Bachelor of Arts in 2019 from the University of Colorado Denver. (ECF No. 23-3 at 3.) Balint received her college degree in 2010 and has been working for the firm since 2023. (*Id.*) Carter, a junior paralegal, graduated with her college degree in 2021 and has been working as a paralegal since July 2021. (*Id.*) Hernandez supports the paralegals as a bilingual client relations specialist. (*Id.* at 4.) His title was recently changed to "law clerk" in September 2023. (ECF No. 26-1 at 6.)

Relevant here, Plaintiff's counsel merely states in a conclusory manner that she has increased the paralegal rates from $175 to $195 to be "consistent with market forces" but has not cited a single case or source. (ECF No. 23 at 11.) Similarly, she states, without any support, that

5

the paralegal and support staff rates are "consistent with rates typically awarded or approved in similar cases." (*Id.*)

Upon review of the submitted documentation and caselaw cited above, the undersigned applies the rationale used by Judge Netburn with slight modifications and recommends the following hourly rates:

- Penn Dodson: remains at $450.00

- Jess Velez: reduced from $175.00 to $125.00

- Jessica Balint: reduced from $175.00 and $195.00 to $150.00

- Callyn Carter: remains at $95.00

- Billy Hernandez: reduced from $95.00 and $125.00 to $75.00.

The undersigned next looks to whether Plaintiff's counsel's hours were reasonably billed.

### ii. Number of Hours Billed

Plaintiff's counsel has worked on this case from its inception, billing a total of 95.2 hours and voluntarily excluding 22.2 hours which results in 73 hours of billable work. (ECF No. 26.) Among the tasks completed, counsel and her staff have:

- Conducted a questionnaire to gather additional background information to build Plaintiff's case,

- Coordinated logistics and collected and reviewed relevant documentation,

- Communicated with Defendants and held multiple meetings with them in an attempt to settle the case (*see e.g.* ECF No. 17-3),

- Drafted various versions of a proposed settlement agreement (*see e.g.* ECF No. 17-4),

- Opening Plaintiff's case in this District which included drafting the Complaint and filing the accompanying documents,

- Serving Defendants with the required paperwork, and

- Filing the motion for default judgment, disbursement of funds, and the instant motion for attorney's fees.

(ECF No. 23 at 6-8.)

One judge observed that a typical default wage-and-hour case would require "no more than 55 hours total." *See Taveras v. Northeast Landscape & Masonry Ass'n,* No. 16-cv-00834 (CS) (JCM), 2018 U.S. Dist. LEXIS 217975, at *30 (S.D.N.Y. Dec. 28, 2018) (recommending a 35% reduction to the "excessive" 116.2 hours billed in the default wage and hour case). However, the Court recognizes that counsel engaged in extensive discussions with Defendants prior to the case's commencement, including drafting settlement agreements which were ultimately unsuccessful. *See* (ECF No. 17-4); *see also Tambriz v. Taste & Sabor LLC,* 577 F. Supp. 3d 314, 334 (S.D.N.Y. 2021) ("A prevailing party can recover fees for several categories of work, including failed efforts otherwise reasonably pursued.").

In support of her request for attorney's fees, Plaintiff's counsel provided billing records with an itemized breakdown of hours and descriptions of each task conducted. (ECF No. 26-1); *see New York Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (noting that fee applications should include "contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of the work done."). These records are authenticated by the supporting declarations. (ECF No. 23-3.) Of the requested fees, Dodson completed 18.7 hours of work while her paralegals and support staff completed 54.6 hours of work.

Although Plaintiff's counsel and her staff have completed substantive work, there are several entries that justify slight deductions. Those deductions include time entered to so-call "beautify" documents, nag opposing counsel, manage/delegate/assign tasks, completion of administrative tasks, assess the case, assemble/download/process documents, or internally

7

calendar dates. (*See generally* ECF No. 26-1.) Notably, in one instance, Balint billed 0.2 hours at an hourly rate of $175.00 wherein no information for the task was entered at all. As found by Judge Netburn in *Montalvo,* "paralegal work…is not compensable if it is purely clerical" and clerical work includes downloading and reviewing documents. *See Montalvo,* 2023 U.S. Dist. LEXIS 141864, at *28. In *Montalvo,* Judge Netburn cut all of Carter's hours except for 2.2 hours and reduced Velez's hours by 75 percent which consisted of reviewing correspondence, emailing clients, filing and downloading documents, and delegating tasks. *Id.* at *28-29.

    Here, the Court too finds that a reduction is warranted in light of the blank, vague, or clerical entries listed above. *See Sagax Dev. Corp. v. ITrust S.A.*, No. 19-CV-3386 (RA) (JW), 2022 WL 2663488, at *1 (S.D.N.Y. July 11, 2022) ("A court-awarded attorneys' fee must compensate only for 'hours reasonably expended on the litigation,' not for 'hours that are excessive, redundant, or otherwise unnecessary.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)); *see also Jianmin Jin v. Shanghai Original, Inc.,* No. 16-cv-5633 (ARR) (JO), 2020 U.S. Dist. LEXIS 149337, at *23 (E.D.N.Y. Aug. 18, 2020) (reducing attorney's fees for "poor billing practices" which included overbilling for certain tasks and submitting vague entries). In lieu of making an across-the-board percentage reduction, given the importance of certain administrative tasks to the case, the Court follows Plaintiff's counsel's lead in attributing a $45 per hour rate to all administrative or clerical tasks listed above. (*See e.g.* 26-1 at 4) (providing a $45.00 hourly rate for mail processing task); *see also Jian Lian v. Bund Dumpling House Inc.,* No. 22-CV-6989 (EK) (RML), 2023 U.S. Dist. LEXIS 172191, at *26-27 (E.D.N.Y. Sept. 26, 2023) (applying a ten percent reduction of hours billed by counsel for block-billed time entries which reflected a "mix of clerical and legal work"). Accordingly, the Court completely *excludes* entirely the blank entry submitted by Balint (0.2 hours), as well as the hours to beautify

8

documents (1.1 hours) and nag opposing counsel (0.2 hours) and *assigns* a $45.00 hourly rate to all of the aforementioned clerical tasks (11.7 hours). A summary of the recommended attorney's fees is below:

| Attorney | Hours Requested | Hours Awarded | Rate Requested | Rate Awarded | Hours Awarded X Rate Awarded |
|---|---|---|---|---|---|
| **Penn Dodson** | 18.7 | 18.7 | $450.00 | $450.00 | $8,415.00 |
| **Jess Velez** | 4.9 | 4.6 | $175.00 | $125.00 | $575.00 |
| **Jessica Balint** | 33.4 | 24.1 | $175.00/$195.00 | $150.00 | $3,615.00 |
| **Callyn Carter** | 5.8 | 2.8 | $95.00 | $95.00 | $266.00 |
| **Billy Hernandez** | 6.6 | 6 | $95.00/$125.00 | $75.00 | $450.00 |
| **Mail Processing/Administrative Tasks** | 3.6 | 15.3 | $45.00 | $45.00 | $688.50 |
| **TOTAL** | 73 | 71.5 | -- | -- | $14,009.50 |

## CONCLUSION

Accordingly, the undersigned recommends granting Plaintiff's counsel's motion for attorney's fees in the total amount of $14,009.50.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Counsel for Plaintiff is directed to serve copies of this Report and Recommendation upon the defaulting Defendants on or before May 24, 2024, and file proof of service of same on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections

9

must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       May 24, 2024

**RESPECTFULLY RECOMMENDED**,

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge